# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILFRED ALEXANDER PAGE, et al.,

        Plaintiffs,

v.                                 No. 1:19-cv-00762-MV-SCY

CENTRAL NEW MEXICO TREATMENT CENTER,
ANGELA GOOLSBY LUCERO,
CNMTC NURSES, and
CNMTC COUNSELORS,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court on Plaintiff's Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship), Doc. 1, filed August 20, 2019 ("Complaint").

**The Complaint**

Plaintiff filed his Complaint using the form "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)." Plaintiff states that he is a citizen of New Mexico. *See* Complaint at 3. Plaintiff also indicates that Defendant Lucero resides in New Mexico. *See* Complaint at 2. Defendant alleges that personnel at the Central New Mexico Treatment Center tampered with doctors' notes and reduced or stopped doses without authorization. Plaintiff states that he is bringing this case on behalf of himself and on behalf of the "hundreds of patients that have received similar and often times much more severe harassment from [Defendant] Lucero and the CNMTC Staff." Complaint at 5.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

The Court does not have jurisdiction over this matter. Plaintiff is a citizen of New Mexico and alleges that Defendant Lucero also resides in New Mexico. Consequently, there is no properly alleged diversity jurisdiction. *See Dutcher*, 733 F.3d at 987 (10th Cir. 2013) ("[A] party must show that complete diversity of citizenship exists between the adverse parties . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."). Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Court dismisses the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**